UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
C. ROBERT ALLEN, III, by LUKE ALLEN, as Guardian
for the Property Management of C. Robert Allen III,

                              Plaintiff,

   -against-

CHRISTOPHER DEVINE, LAKESHORE MEDIA, LLC,
MILCREEK BROADCASTING LLC, COLLEGE
CREEK MEDIA LLC, MARATHON MEDIA GROUP,
LLC, 3 POINT MEDIA – SALT LAKE CITY, LLC, 3
POINT MEDIA DELTA, LLC, 3 POINT MEDIA –
UTAH, LLC, 3 POINT MEDIA – FRANKLIN, LLC, 3
POINT MEDIA – PRESCOTT VALLEY, LLC, 3 POINT
MEDIA – COALVILLE, LLC, 3 POINT MEDIA –
ARIZONA, LLC, 3 POINT MEDIA – FLORIDA, LLC, 3
POINT MEDIA – KANSAS, LLC, 3 POINT MEDIA –
OGDEN, LLC, 3 POINT MEDIA – SANFRANCISCO,
LLC, MIDVALLEY RADIO PARTNERS, LLC, D&B
TOWERS LLC, SUPERIOR BROADCASTING OF
NEVADA, LLC, SUPERIOR BROADCASTING OF
DENVER, LLC, WACKENBURG ASSOCIATES, LLC,
PORTLAND BROADCASTING LLC, DESERT SKY
MEDIA LLC, SKY MEDIA LLC, DEVINE RACING
MANAGEMENT, LLC, ACB CONSULTING CO., and
John Does 1-50,

                              Defendants.
-------------------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
09-cv-668 (ADS) (ETB)

**APPEARANCES:**

**Cohen & Gresser LLP**
*Attorneys for the plaintiff*
100 Park Avenue
23rd Floor
New York, NY 10017
        By:    Lawrence T. Gresser, Esq.
                Alexandra Sarah Wald, Esq.
                Nathaniel P.T. Read, Esq.
                Alexis Gena Stone, Esq.
                Harvey B. Silikovitz, Esq., of Counsel

**Peckar & Abramson, P.C.**
*Attorneys for all defendants except defendants D&B Towers LLC*
41 Madison Ave, 20th Floor
New York, NY 10010
  By: Daniel E. Budorick, Esq.
     David Scriven-Young, Esq.
     Edward Pacer, Esq.
     Kevin Joseph O'Connor, Esq.
     Thomas Jerome Curran, Esq., of Counsel

**Allyn & Fortuna, LLP**
*Attorneys for the defendant D&B Towers LLC*
200 Madison Avenue
5th Floor
New York, NY 10016
  By: Nicholas J. Fortuna, Esq., of Counsel

**Callister Nebeker & McCullough, P.C.**
*Attorneys for the defendant D&B Towers LLC*
Zions Bank Building, Suite 900 10 East South Temple
Salt Lake City, UT 84133
  By: Mark L Callister, Esq., of Counsel

**SPATT, District Judge.**

  Plaintiff C. Robert Allen, III, by and through his Guardian for Property Management, Luke Allen, alleges in this case that the defendants defrauded him out of tens of millions of dollars over several years. Presently before the Court is a motion by defendant Christopher Devine seeking reconsideration of the Court's previous denial of Devine's motion to dismiss. For the reasons set forth below, the Court denies Devine's motion for reconsideration.

## I. BACKGROUND

  The Court set forth the details of the plaintiff's allegations in this matter in its previous decisions in this case, Allen ex rel. Allen v. Devine, 670 F. Supp. 2d 164 (E.D.N.Y. 2009) ("Allen I"), issued November 19, 2009, and Allen ex rel.

Allen v. Devine, No. 09-cv-668, --- F.Supp.2d ----, 2010 WL 2989847 (E.D.N.Y. Jul. 24, 2010) ("Allen II"). Familiarity with those decisions is assumed. In short, the gravamen of the plaintiff's allegations is that the defendants, led by Christopher Devine and assisted by Bruce Buzil, made misstatements to convince the plaintiff to loan approximately $70 million to entities that they controlled, and then illegally diverted this money for their own benefit.

In his amended complaint, the plaintiff asserted against defendant Devine causes of action for violation of various provisions of the Racketeering Influenced and Corrupt Organizations Act ("RICO"). On January, 19, 2010, Devine moved to dismiss these RICO claims in their entirety, and in Allen II, the Court granted this motion in part and denied it in part. The Court dismissed the plaintiff's 18 U.S.C. § 1962(a) RICO claim for investment of income obtained from a racketeering enterprise, but permitted the plaintiff to proceed on his 18 U.S.C. §§ 1962(c) and (d) RICO causes of action for participating in and conspiring to participate in a racketeering enterprise. Id. at ** 3–10.

In Devine's papers in support of his original motion to dismiss the plaintiff's RICO claims, Devine asserted that, even if the Court denied his primary arguments in support of dismissal, the plaintiff's RICO claims were still barred in part by RICO's four-year statute of limitations. Since the plaintiff commenced this action on February 18, 2009, Devine asserted that any claim based on an alleged RICO violation that occurred before February 28, 2005 was barred as untimely. In Allen II, the Court denied Devine's motion to dismiss the plaintiff's Section 1962(c) and (d) RICO claims in its entirety, but did not explicitly address Devine's statute of

limitations argument. Thus, on August 9, 2010, sixteen days after the Court issued Allen II, Devine moved for reconsideration of the Court's decision in Allen II, seeking an explicit ruling on his statute of limitations argument. The Court now provides that explicit ruling.

## II. DISCUSSION

**A. Legal Standard on a Motion for Reconsideration**

A motion for reconsideration in the Eastern and Southern Districts of New York is governed by Local Civil Rule 6.3. In general, "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). In addition, a Rule 6.3 motion "may not advance new facts, issues, or arguments not previously presented to the court." Lehmuller v. Incorporated Village of Sag Harbor, 982 F.Supp. 132, 135 (E.D.N.Y. 1997) (citing Walsh v. McGee, 918 F.Supp. 107, 110 (S.D.N.Y.1996)). However, a motion for reconsideration may be granted to "'correct a clear error or prevent manifest injustice.'" Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). Ultimately, the decision of whether to grant a motion for reconsideration rests within the sound discretion of the district court. Kapsis v. Bloom, 08-cv-3092, 2009 WL 414001, at *1 (E.D.N.Y. Feb. 17, 2009).

**B. As to Devine's Statute of Limitations Argument**

Here, Devine has timely identified a potentially determinative issue raised in the briefing for <u>Allen II</u> that the Court did not address directly in that decision. The Court therefore determines in its discretion that substantive reconsideration of this issue is appropriate, and now provides an explicit ruling on Devine's statute of limitations argument.

The plaintiff's amended complaint asserts that Devine began to violate RICO in 2000, and did not cease until his fraud was discovered in 2007. In his original motion papers, Devine contended that all of the plaintiff's allegations of pre-February 18, 2005 RICO violations must be dismissed as barred by RICO's four-year statute of limitations. The plaintiff responded at that time by noting that his amended complaint alleged specific facts, including the drafting of false financial statements, showing that Devine intentionally concealed his fraud until it was discovered in 2007. According to the plaintiff, this tolled the limitations period on all of his RICO claims until 2007, rendering the entirety of his RICO claims timely.

As a general matter, civil RICO claims are governed by a four year statute of limitations, which begins to run "when the plaintiff discovers or should have discovered the RICO injury." <u>In re Merrill Lynch Ltd. Partnerships Litigation</u>, 154 F.3d 56, 58 (2d Cir. 1998) (citing <u>Agency Holding Corp. v. Malley-Duff & Assocs.</u>, 483 U.S. 143, 156, 107 S. Ct. 2759, 97 L. Ed. 2d 121 (1987) and <u>Bankers Trust Co. v. Rhoades</u>, 859 F.2d 1096, 1102 (2d Cir.1988)). A plaintiff "should have discovered" a RICO injury caused by fraud when a "'reasonable investor of

5

ordinary intelligence would have discovered the existence of the fraud.'" Id. at 60 (quoting Dodds v. Cigna Securities, Inc., 12 F.3d 346, 350 (2d Cir.1993)).  Such a plaintiff is said to have been on "inquiry notice" of the fraud.  Id.  However, even when a plaintiff is on inquiry notice of a fraud, a court may nevertheless toll the statute of limitations if the plaintiff pleads specific facts showing that, among other things, the defendant actively sought to conceal his misdeeds.  Id. (citing Butala v. Agashiwala, 916 F. Supp. 314, 319 (S.D.N.Y. 1996)).

  Here, both parties' original briefing focused to a large extent on whether the plaintiff had plead specific facts showing that Devine had fraudulently concealed his alleged malfeasance.  However, the Court finds that no such inquiry is necessary, as a showing of fraudulent concealment is required only when a plaintiff was on actual or inquiry notice of the defendant's malfeasance.  In the Court's view, the complaint alleges sufficient facts to show that, prior to 2007, the plaintiff was on neither actual notice nor inquiry notice of the alleged fraud.  In both Merrill Lynch and Dodds, the defendants' financial disclosures explicitly warned the plaintiffs of certain risks associated with investing, and those courts found that those disclosures put the plaintiffs on inquiry notice of the defendants' respective frauds.  Merrill Lynch, 154 F.3d at 60; Dodds, 2 F.3d at 350–51.  Here, no such disclosure is alleged.  To the contrary, the plaintiff asserts that Devine sent specific correspondence to him misstating the value of his investments.

  Therefore, drawing all reasonable inferences in favor of the plaintiff, the Court finds that the plaintiff has alleged sufficient facts to show that he was not on actual or inquiry notice of Devine's alleged RICO violations.  Accordingly, the

6

Court declines at this early stage to dismiss the plaintiff's RICO claims against the defendant Devine on statute of limitations grounds.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Devine's motion for reconsideration is denied in its entirety.

**SO ORDERED.**

Dated: Central Islip, New York
December 6, 2010

                                                                                                                               */s/ Arthur D. Spatt*
                                                                                                                   ARTHUR D. SPATT
                                                                                         United States District Judge