UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| C. ROBERT ALLEN, III by LUKE ALLEN, as Guardian for the Property Management of C. Robert Allen, III,<br><br>                                                        Plaintiff,<br>        - against -<br><br>CHRISTOPHER DEVINE, LAKESHORE MEDIA, LLC, MILLCREEK BROADCASTING LLC, COLLEGE CREEK MEDIA LLC, MARATHON MEDIA GROUP, LLC, 3 POINT MEDIA – SALT LAKE CITY, LLC, 3 POINT MEDIA DELTA, LLC, 3 POINT MEDIA – UTAH, LLC; 3 POINT MEDIA – FRANKLIN, LLC, 3 POINT MEDIA – PRESCOTT VALLEY, LLC, 3 POINT MEDIA – COALVILLE, LLC, 3 POINT MEDIA – ARIZONA, LLC, 3 POINT MEDIA – FLORIDA, LLC, 3 POINT MEDIA – KANSAS, LLC, 3 POINT MEDIA – OGDEN, LLC, 3 POINT MEDIA – SAN FRANCISCO, LLC, MIDVALLEY RADIO PARTNERS, LLC, D&B TOWERS LLC, SUPERIOR BROADCASTING OF NEVADA, LLC, SUPERIOR BROADCASTING OF DENVER, LLC, WACKENBURG ASSOCIATES, LLC, PORTLAND BROADCASTING LLC, DESERT SKY MEDIA LLC, SKY MEDIA LLC, DEVINE RACING MANAGEMENT, LLC, ACB CONSULTING CO., and John Does 1-50,<br><br>                                                        Defendants. | Civil Action No.:<br><br>09-0668-ADS-MLO |
| CHRISTOPHER DEVINE, LAKESHORE MEDIA, LLC, MILLCREEK BROADCASTING LLC, COLLEGE CREEK MEDIA LLC, MARATHON MEDIA GROUP, LLC, 3 POINT MEDIA – SALT LAKE CITY, LLC, 3 POINT MEDIA DELTA, LLC, 3 POINT MEDIA – UTAH, LLC; 3 POINT MEDIA – FRANKLIN, LLC, 3 POINT MEDIA – PRESCOTT VALLEY, LLC, 3 POINT MEDIA – COALVILLE, LLC, 3 POINT MEDIA – ARIZONA, LLC, 3 POINT MEDIA – FLORIDA, LLC, 3 POINT MEDIA – KANSAS, LLC, 3 POINT MEDIA – OGDEN, LLC, 3 POINT MEDIA – SAN FRANCISCO, LLC, MIDVALLEY RADIO PARTNERS, LLC, SUPERIOR BROADCASTING OF NEVADA, LLC, SUPERIOR BROADCASTING OF DENVER, LLC, WACKENBURG ASSOCIATES, LLC, PORTLAND BROADCASTING LLC, DESERT SKY MEDIA LLC, SKY MEDIA LLC, and ACB CONSULTING CO.,<br><br>                                                        Third-Party Plaintiffs,<br>        - against -<br><br>LUKE ALLEN,<br><br>                                                        Third-Party Defendant. | |

## THIRD-PARTY COMPLAINT

Defendants/Third-Party Plaintiffs Christopher Devine, Lakeshore Media, LLC, Millcreek Broadcasting LLC, College Creek Media, LLC, Marathon Media Group, LLC, 3 Point Media-Salt Lake City, LLC, 3 Point Media Delta, LLC, 3 Point Media-Utah, LLC, 3 Point Media-Franklin, LLC, 3 Point Media-Prescott Valley, LLC, 3 Point Media-Coalville, LLC, 3 Point Media-Arizona, LLC, 3 Point Media-Florida, LLC, 3 Point Media-Kansas, LLC, 3 Point Media-Ogden, LLC, 3 Point Media-San Francisco, LLC, Midvalley Radio Partners, LLC, Superior Broadcasting of Nevada, LLC, Superior Broadcasting of Denver, LLC, Wackenburg Associates, LLC, Portland Broadcasting LLC, Desert Sky Media, LLC, Sky Media LLC and ACB Consulting Co., for their Third-Party Complaint against Third-Party Defendant Luke Allen, state as follows:

1.  Luke Allen is an individual and resides at 211 Muddy Run Road, Oxford, Pennsylvania 19363-1003.

2.  This Court has subject-matter jurisdiction over the claims in this Third-Party Complaint under 28 U.S.C. § 1367(a), because they are so related to the claims of Plaintiff C. Robert Allen, III ("Allen") within this Court's original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

3.  This Court has personal jurisdiction over Luke Allen because he became Guardian for the Property Management of Allen by Order of a New York State Court. This Court also has personal jurisdiction over Luke Allen because he filed this case on behalf of Allen in this Court. This Court also has personal jurisdiction over Luke Allen under CPLR § 302 because of his commission of a tort within the State of New York.

4. In bringing this Third-Party Complaint, Third-Party Plaintiffs do not admit any of the allegations asserted against them in the Amended Complaint. Third-Party Plaintiffs' allegations are not, and should not be construed as, admissions of any fact or any liability to Allen or to any other person or entity.

**Count I**
**(Contribution under C.P.L.R. §§ 1401-1402)**

5. Third-Party Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1-4 of this Third-Party Complaint as if fully set forth herein.

6. Allen alleges that he made loans to Superior Broadcasting Co. ("Superior").

7. Allen's loans were initially made to Superior without traditional documentation. Then, in 2006, Allen and Devine recorded their agreements in writing.

8. First, Allen signed a January 9, 2006 indemnification contract.

9. Second, Devine signed a set of "Non Recourse Notes and Participation Agreements."

10. The "Non Recourse Notes and Participation Agreements" obligate Devine to pay Superior $67,493,644 when Devine sells all or any part of his membership interests in entities that own radio stations.

11. During the negotiations over these agreements, Allen told Devine that the "Non Recourse Notes and Participation Agreements" would serve as the documentation for all prior loans that Allen made to Superior.

12. Throughout the course of Devine's business relationship with Allen, Devine used his best efforts to make sure that the entities that owned radio stations were successful so that Superior would recoup the money that Allen initially invested.

13. Luke Allen interfered with this plan, and he is to blame for his father's inability to recoup his investment.

14. Luke Allen participated in a guardianship proceeding against his father, in which Luke Allen was appointed as Guardian for the Property Management of Allen.

15. In the guardianship proceeding, Luke Allen obtained an injunction to prevent certain entities from selling radio stations.

16. Using that injunction, Luke Allen scuttled potential sales of radio stations. On several occasions, Luke Allen stopped the sales of radio stations by accusing the entities of fraud and by claiming that those sales would violate the terms of the injunction issued in the guardianship proceedings.

17. On September 19, 2007, Luke Allen had Devine removed from the management of Superior.

18. Luke Allen's actions directly and proximately resulted in Allen not being able to recoup the money that he had invested in Superior and also resulted in Devine not being able to sell his interests in radio stations and make payments under the "Non Recourse Notes and Participation Agreements."

19. Thus, Luke Allen's actions directly and proximately caused Allen's damages as alleged in the Amended Complaint.

20. If Third-Party Plaintiffs are found to be liable to Allen for any amount under Counts III-VII of the Amended Complaint, then Third-Party Plaintiffs are entitled to contribution from Luke Allen in an amount equal to the excess paid by Third-Party Plaintiffs over and above their equitable shares of the judgment, calculated pursuant to C.P.L.R. § 1402.

4

WHEREFORE, Third-Party Plaintiffs pray that, if they are found to be liable to Allen under Counts III-VII of the Amended Complaint, judgment be entered in Third-Party Plaintiffs' favor and against Luke Allen and for relief as follows:

(A) Contribution from Luke Allen in an amount equal to the excess paid by Third-Party Plaintiffs over and above their equitable share of the judgment, calculated pursuant to C.P.L.R. § 1402;

(B) Costs and disbursements;

(C) Pre- and post-judgment interest as allowed by law; and

(D) All other and further relief, at law or in equity, as this Court may deem just and proper.

## Count II
### (Tortious Interference with Business Expectancy)

21. Third-Party Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1-20 of this Third-Party Complaint as if fully set forth herein.

22. Devine had a business relationship with Allen.

23. Luke Allen knew of the business relationship between Devine and Allen.

24. Luke Allen intentionally interfered with that business relationship by obtaining a financial guardianship over the property management of Allen, obtaining an injunction preventing sales of radio stations, scuttling sales of radio stations, and removing Devine from the management of Superior.

25. In so doing, Luke Allen acted solely out of malice and/or used wrongful means.

26. Luke Allen's interference caused injury to the relationship between Devine and Allen.

27. Thus, Devine was injured and suffered damages in an amount to be determined at trial.

WHEREFORE, Devine prays that judgment be entered in his favor and against Luke Allen and for relief as follows:

(A)   Actual damages to be determined at trial;

(B)   Costs and disbursements of this action;

(C)   Pre- and post-judgment interest as allowed by law; and

(D)   All other and further relief, at law or in equity, as this Court may deem just and proper.

### Count III
### (Civil Conspiracy)

28.   Third-Party Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1-27 of this Third-Party Complaint as if fully set forth herein.

29.   Allen and Luke Allen (collectively, "the Conspiracy Defendants") formed a common understanding and agreement to carry out unlawful acts against Devine.

30.   The Conspiracy Defendants shared a knowing and malicious intent to injure Devine and to wrongfully deprive and defraud him of property.

31.   The conspiracy was carried out by means of fraudulent acts by the Conspiracy Defendants as described in Count II of Christopher Devine's counterclaim, which were done pursuant to and in furtherance of the common understanding and agreement.

32.   As a result of this conspiracy, Devine has suffered damages in an amount to be determined at trial.

WHEREFORE, Devine prays that judgment be entered in his favor and against Luke Allen and for relief as follows:

(A)   Actual damages to be determined at trial;

(B)   Punitive damages;

(C)   Costs and disbursements of this action;

(D)   Pre- and post-judgment interest as allowed by law; and

(E)   All other and further relief, at law or in equity, as this Court may deem just and proper.

Dated:   December 20, 2010
         New York, New York

**PECKAR & ABRAMSON, P.C.**

Edward O. Pacer
Daniel E. Budorick
David J. Scriven-Young
PECKAR & ABRAMSON, P.C.
208 S. LaSalle Street, Suite 1660
Chicago, IL 60604
(312) 881-6300
epacer@pecklaw.com
dbudorick@pecklaw.com
dscriven-young@pecklaw.com

Thomas J. Curran
Kevin J. O'Connor
PECKAR & ABRAMSON, P.C.
41 Madison Avenue, 20th Floor
New York, NY  10010
(202) 382-0909
Fax: (202) 382-3456
tcurran@pecklaw.com
koconnor@pecklaw.com

By: _____
     Kevin J. O'Connor
     *Attorney for Certain Defendants*

## VERIFICATION

STATE OF ILLINOIS )
) ss.:
COUNTY OF )

**CHRISTOPHER DEVINE**, being duly sworn deposes and says:

1. Deponent is an individual defendant in this action.

2. Deponent is authorized to verify this pleading on behalf of Certain Defendants.

3. I have read the foregoing "Verified Third-Party Complaint" and know the contents thereof; the same is true to my own knowledge. This Verification is made by Deponent because Certain Defendants are corporations and/or limited liability companies.

4. The grounds of Deponent's belief as to all matters not stated upon Deponent's knowledge are as follows: statements, books and records contained in Certain Defendants' records and files.

_____
CHRISTOPHER DEVINE

Sworn to before me this 20TH
day of December, 2010.

_____
NOTARY PUBLIC

CYNTHIA L RIBBENS
MY COMMISSION EXPIRES
JUNE 2, 2014

8