**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
C. ROBERT ALLEN, III, by LUKE ALLEN, as Guardian
for the Property Management of C. Robert Allen III,

         Plaintiff,

  -against-

CHRISTOPHER DEVINE, LAKESHORE MEDIA, LLC,
MILCREEK BROADCASTING LLC, COLLEGE
CREEK MEDIA LLC, MARATHON MEDIA GROUP,
LLC, 3 POINT MEDIA – SALT LAKE CITY, LLC, 3
POINT MEDIA DELTA, LLC, 3 POINT MEDIA –
UTAH, LLC, 3 POINT MEDIA – FRANKLIN, LLC, 3
POINT MEDIA – PRESCOTT VALLEY, LLC, 3 POINT
MEDIA – COALVILLE, LLC, 3 POINT MEDIA –
ARIZONA, LLC, 3 POINT MEDIA – FLORIDA, LLC, 3
POINT MEDIA – KANSAS, LLC, 3 POINT MEDIA –
OGDEN, LLC, 3 POINT MEDIA – SANFRANCISCO,
LLC, MIDVALLEY RADIO PARTNERS, LLC, D&B
TOWERS LLC, SUPERIOR BROADCASTING OF
NEVADA, LLC, SUPERIOR BROADCASTING OF
DENVER, LLC, WACKENBURG ASSOCIATES, LLC,
PORTLAND BROADCASTING LLC, DESERT SKY
MEDIA LLC, SKY MEDIA LLC, DEVINE RACING
MANAGEMENT, LLC, ACB CONSULTING CO., and
John Does 1-50,

         Defendants.
-------------------------------------------------------------------X

**MEMORANDUM**
**OF DECISION AND**
**ORDER**
09-cv-668 (ADS)
(ETB)

**APPEARANCES:**

**Cohen & Gresser LLP**
*Attorneys for the plaintiff*
100 Park Avenue
23rd Floor
New York, NY 10017
   By: Lawrence T. Gresser, Esq.
      Alexandra Sarah Wald, Esq.
      Nathaniel P.T. Read, Esq.
      Alexis Gena Stone, Esq.
      Harvey B. Silikovitz, Esq., of Counsel

**Peckar & Abramson, P.C.**
*Attorneys for all defendants except defendants D&B Towers LLC*
41 Madison Ave, 20th Floor
New York, NY 10010
        By:    Daniel E. Budorick, Esq.
                 David Scriven-Young, Esq.
                 Edward Pacer, Esq.
                 Kevin Joseph O'Connor, Esq.
                 Thomas Jerome Curran, Esq., of Counsel

**Allyn & Fortuna, LLP**
*Attorneys for the defendant D&B Towers LLC*
200 Madison Avenue
5th Floor
New York, NY 10016
        By:    Nicholas J. Fortuna, Esq., of Counsel

**Callister Nebeker & McCullough, P.C.**
*Attorneys for the defendant D&B Towers LLC*
Zions Bank Building, Suite 900 10 East South Temple
Salt Lake City, UT 84133
        By:    Mark L Callister, Esq., of Counsel

**SPATT, District Judge.**

       Plaintiff C. Robert Allen, III, by and through his Guardian for Property

Management, Luke Allen, alleges in this case that the defendants defrauded him in

the sum of tens of millions of dollars over several years.  Presently before the Court

is a motion by certain of the defendants objecting to an order by United States

Magistrate Judge Michael Orenstein denying a motion to quash subpoenas that the

plaintiff served on five non-party banks.  For the reasons that follow, the Court

affirms Judge Orenstein's order.

## I. BACKGROUND

The Court set forth the details of the plaintiff's allegations in this matter in its previous decisions in this case, Allen ex rel. Allen v. Devine, 670 F. Supp. 2d 164 (E.D.N.Y. 2009) ("Allen I"), issued November 19, 2009, and Allen ex rel. Allen v. Devine, 726 F. Supp. 2d 240 (E.D.N.Y. 2010) ("Allen II"), issued July 24, 2010.  Familiarity with those decisions is assumed.  In short, the gravamen of the plaintiff's allegations is that the defendants, led by Christopher Devine and assisted by Bruce Buzil, made misstatements to convince the plaintiff to loan approximately $70 million to entities that they controlled, and then illegally diverted this money for their own benefit.

Prior to the Court's previous decisions, the plaintiff had on August 10, 2009 noticed and served non-party subpoenas duces tecum on each of (1) JPMorgan Chase Bank, N.A.; (2) Bank of America, N.A.; (3) MB Financial Bank, N.A.; (4) Builders Bank; and (5) Fifth Third Bank (collectively, the "Subpoenaed Banks"). Each of these five subpoenas demanded that the Subpoenaed Banks produce certain bank records and other documents that were related to either (1) Superior Broadcasting, Co. ("Superior"), which the plaintiff alleges was used by the defendants as a vehicle to improperly divert his funds, or (2) the defendants.  None of the Subpoenaed Banks has objected to these requests.

However, on August 27, 2009, defendants Christopher Devine, Lakeshore Media, LLC, College Creek Media LLC, Marathon Media Group, LLC, 3 Point Media − Salt Lake City, LLC, 3 Point Media Delta, LLC, 3 Point Media − Prescott

Valley, LLC, 3 Point Media – Coalville, LLC, 3 Point Media – Arizona, LLC, 3 Point Media – Florida, LLC, 3 Point Media – Kansas, LLC, 3 Point Media – Ogdon, LLC, 3 Point Media – San Francisco, LLC, Midvalley Radio Partners, LLC, Superior Broadcasting of Nevada, LLC, Superior Broadcasting of Denver, LLC, Wackenburg Associates, LLC, Portland Broadcasting LLC, Desert Sky Media LLC, and Sky Media LLC (collectively, the "Moving Defendants") moved before Judge Orenstein to quash all five of the non-party subpoenas, on the basis that they requested discovery of non-relevant, confidential documents.  On August 28, 2009, the plaintiff filed a letter in opposition to the Moving Defendants' motion, noting that the complaint alleged that the defendants and Superior had made numerous transfers of money among themselves as part of their alleged scheme to defraud the plaintiff.  According to the plaintiff, the requested bank records would show these persons' financial activity, and were therefore discoverable.  The plaintiff asserted that any concern about the confidentiality of the documents produced could be alleviated through the issuance of a protective order.

On September 2, 2009, Judge Orenstein held a discovery conference with counsel for the parties, during which he issued a protective order to govern the parties' discovery.  At that time, Judge Orenstein also orally denied the Moving Defendants' motion to quash.  In denying the Moving Defendants' motion, Judge Orenstein stated, "relevance is[:] what happened to the money[?]", and held that the subpoenaed documents were discoverable because they were likely to address this question.  (Tr. of Discovery Conference, Sept. 2, 2009 at 24:23–24.)

4

On September 14, 2009, the Moving Defendants timely objected to Judge Orenstein's ruling, after which the plaintiffs filed an opposition to the Moving Defendants' objection.  The Court now rules on the Moving Defendants' objection.

## II. DISCUSSION

A District Court only alters a Magistrate Judge's decision on a non-dispositive motion if that decision is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  Generally, "Magistrate judges have broad discretion in resolving nondispositive matters, and a party seeking to overturn a discovery order bears a heavy burden."  Gorman v. Polar Electro, Inc., 124 F. Supp. 2d 148, 150 (E.D.N.Y. 2000) (Spatt, J.) (citing Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990), cert. denied, 498 U.S. 846, 111 S. Ct. 132, 112 L. Ed. 2d 100 (1990); Reidy v. Runyon, 169 F.R.D. 486, 489 (E.D.N.Y. 1997)).

The Court has reviewed Judge Orenstein's ruling, as well as the parties' submissions, and finds that Judge Orenstein's holding was not clearly erroneous or contrary to law.  Given the liberality of the discovery rules, as well as the breadth of the fraud alleged and the deference owed to a Magistrate Judge's decisions on discovery, the Court is satisfied that Judge Orenstein's ruling should be upheld.  In addition, the Court has reviewed the cases relied on by the Moving Defendants in their memoranda of law, including Gorman, 124 F. Supp. 2d at 148; Peskoff v. Faber, 230 F.R.D. 25 (D.D.C. 2005); During v. City University of New York, No. 05-cv-6992, 2006 WL 2192843 (S.D.N.Y. Aug.1, 2006); Conopco, Inc. v. Wein, No. 05-cv-9899, 2007 WL 2119507 (S.D.N.Y. Jul. 23, 2007); Solow v. Conseco,

<u>Inc.</u>, No. 06-cv-5988, 2008 WL 190340 (S.D.N.Y. Jan. 18, 2008); <u>Arias-Zeballos v.</u>
<u>Tan</u>, No. 06-cv-1268, 2007 WL 210112 (S.D.N.Y. Jan. 25, 2007); and <u>Aristeguieta</u>
<u>v. Jimenez</u>, 34 F.R.D. 218 (S.D.N.Y. 1964), and finds these cases to be either
distinguishable or not persuasive.

  As an additional note, the Moving Defendants have raised concerns about
the Subpoenaed Banks producing documents directly to the plaintiffs.  The Moving
Defendants assert that this is objectionable because, even if the banks' documents
are discoverable, the Moving Defendants still have a privacy interest in those
documents.  Thus, the Moving Defendants contend that the plaintiff should not be
allowed to view these documents before the Moving Defendants have the
opportunity to identify them as "Confidential" under the parties' protective order.

  In response to this concern, the plaintiff states that, for each production of
documents that the Subpoenaed Banks make to him, he will (1) immediately
forward these documents to the Moving Defendants, (2) treat all such documents as
"Confidential" for ten days, and (3) after the ten day period elapsed, continue to
treat as "Confidential" any documents that the Moving Defendants identify as
"Confidential".  The plaintiff reserves his right to challenge any inappropriate
designations.

  This arrangement was apparently not explicitly directed by Judge Orenstein,
and the Moving Defendants suggest that the plaintiff has at times not complied with
this procedure.  In light of this, the Court now directs the plaintiff to follow this

procedure.  Any failure to do so should be brought to the attention of United States

Magistrate E. Thomas Judge Boyle, who is now assigned to this case.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Moving Defendants' objections are denied, and Judge

Orenstein's Order of September 2, 2009 is affirmed in all respects.

**SO ORDERED.**

Dated: Central Islip, New York
February 9, 2011

_/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge

7