

# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

208 South LaSalle Street
Suite 1356
Chicago, IL 60604
tel. 312.881.6300
fax 312.435.2482

New York

New Jersey

Miami

Fort Lauderdale

San Francisco

Los Angeles

Orange County

Washington, D.C.

London

www.pecklaw.com

**David J. Scriven-Young**
Direct: (312) 239-9722
Facsimile: (312) 435-2482
dscriven-young@pecklaw.com

**VIA ECF**

May 31, 2011

Honorable Arlene R. Lindsay
Honorable E. Thomas Boyle
United States Magistrate Judges
Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722-4451

RE: **Allen v. Devine, et al.**, No. 09 Civ. 0668 (ADS) (ETB)
     **Excelsior v. Devine, et al.**, No. 10-CV-1319 (ADS) (ARL)
     Our File No.: 5122/196500

Dear Judges Lindsay and Boyle:

Peckar & Abramson, P.C. is counsel to Christopher Devine, a defendant, counterclaimant and third-party plaintiff in *Allen v. Devine, et al.*, No. 09 Civ. 0668 (ADS)(ETB) ("*Allen*") and a defendant and third-party plaintiff in *Excelsior v. Devine, et al.*, No. 10-CV-1319 (ADS)(ARL) ("*Excelsior*") (together, the "Related Actions"). I write on behalf of Mr. Devine and with permission on behalf of the following parties in the *Excelsior* case: plaintiff Excelsior Capital, LLC and defendants Bruce Buzil, Greenberg Traurig LLP, and Robert Neiman. This letter provides a status report on the issues raised in our March 29th letter concerning the death of C. Robert Allen, III ("Bob Allen"), pursuant to Your Honors' Orders of March 31st and April 1st.

On March 17, 2011, a suggestion of death was filed on behalf of Bob Allen, plaintiff and counterclaim defendant in *Allen* and third-party defendant in *Excelsior*. Subsequently, Mr. Allen's will was probated, but, as of the date of this letter, no one has filed a motion for substitution under Rule 25(a) of the Federal Rules of Civil Procedure in the Related Actions. Any such motion would be due by June 15th.

Since March 17th, the parties in the *Excelsior* case (other than Bob Allen) have engaged in written discovery and document production. The parties have propounded and responded to interrogatories and requested and produced documents, including electronically-stored information ("ESI"). For example, Mr. Devine has tendered responsive ESI from 12,000 of the 24,832 potentially



a member of the
International Construction Law Alliance

# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

Honorable Arlene R. Lindsay
Honorable E. Thomas Boyle
United States Magistrate Judges
Page 2

responsive ESI located as a result of using agreed-upon search terms and will produce responsive ESI from the remaining 12,832 potentially responsive ESI in a matter of weeks. Mr. Devine has propounded interrogatories to plaintiff and third-party defendant Luke Allen and is responding to plaintiff's interrogatories.

However, discovery has been seriously delayed in both of the Related Actions because of Bob Allen's death and because a motion for substitution has not been filed. Depositions have not commenced in the Related Actions because counsel for any substituted party will likely wish to re-depose the witnesses. Furthermore, at the time the suggestion of death was filed, Bob Allen had not produced any documents in the *Excelsior* case apart from reproducing his production from the *Allen* case, and there were pending discovery disputes with Bob Allen impacting both of the Related Actions. Those disputes cannot be resolved until a proper party is substituted.

Further complicating the matter is that the Supreme Court of the State of New York, Appellate Division, Second Judicial Department, recently issued an opinion in *Excelsior Capital, LLC v. Superior Broadcasting Co.*, 918 N.Y.S.2d 148 (N.Y. App. Div. 2011) ("*Superior*"). In that opinion, the Court held that Excelsior may proceed against Bob Allen for guarantees that he executed on promissory notes provided to Excelsior in 2004. Due to Bob Allen's death, the retrial has been delayed until August 8, 2011. We understand that Bob Allen's widow, Grace Allen, has been appointed executrix of Bob Allen's estate and has been substituted as the defendant in the *Superior* case, represented by the law firm of Cohen & Gresser, which was counsel to Bob Allen in both *Allen* and *Excelsior*. Excelsior, plaintiff in the *Excelsior* and *Superior* actions, is represented in each action by the law firm of Judd Burstein, P.C. The result of the retrial of the *Superior* case will impact the claims and defenses in the Related Actions.[1] In addition, the involvement of counsel in *Allen* and *Excelsior* in the *Superior* state court retrial this summer may impact the pace of discovery in the federal actions before Your Honors.

---

[1] Plaintiff Excelsior only concedes this point to the extent that Excelsior agrees that if it ultimately collects a judgment against Allen's Estate in the *Superior* case, Excelsior cannot collect that specific amount against the defendants in the *Excelsior* case.

# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

Honorable Arlene R. Lindsay
Honorable E. Thomas Boyle
United States Magistrate Judges
Page 3

Because of these circumstances, it continues to appear that it may be difficult for the parties to complete discovery in the Related Actions by the current deadlines. We will be in a better position to make a proposal for an altered discovery schedule, if necessary, after June 15th, which is the deadline for motions to substitute parties as a result of Bob Allen's death. Thus, we propose that the parties provide a further status report to the Court on these issues on or before July 15, 2011.

Respectfully submitted,

David J. Scriven-Young

341030

cc:     All counsel of record by ECF