UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| C. ROBERT ALLEN, III by LUKE ALLEN, as Guardian for the Property Management of C. Robert Allen, III,<br><br>              Plaintiff,<br>  - against -<br><br>CHRISTOPHER DEVINE, LAKESHORE MEDIA, LLC, MILLCREEK BROADCASTING LLC, COLLEGE CREEK MEDIA LLC, MARATHON MEDIA GROUP, LLC, 3 POINT MEDIA – SALT LAKE CITY, LLC, 3 POINT MEDIA DELTA, LLC, 3 POINT MEDIA – UTAH, LLC; 3 POINT MEDIA – FRANKLIN, LLC, 3 POINT MEDIA – PRESCOTT VALLEY, LLC, 3 POINT MEDIA – COALVILLE, LLC, 3 POINT MEDIA – ARIZONA, LLC, 3 POINT MEDIA – FLORIDA, LLC, 3 POINT MEDIA – KANSAS, LLC, 3 POINT MEDIA – OGDEN, LLC, 3 POINT MEDIA – SAN FRANCISCO, LLC, MIDVALLEY RADIO PARTNERS, LLC, D&B TOWERS LLC, SUPERIOR BROADCASTING OF NEVADA, LLC, SUPERIOR BROADCASTING OF DENVER, LLC, WACKENBURG ASSOCIATES, LLC, PORTLAND BROADCASTING LLC, DESERT SKY MEDIA LLC, SKY MEDIA LLC, DEVINE RACING MANAGEMENT, LLC, ACB CONSULTING CO., and John Does 1-50,<br>              Defendants. | Civil Action No.:<br><br>09-0668-ADS-ETB |
| CHRISTOPHER DEVINE, LAKESHORE MEDIA, LLC, MILLCREEK BROADCASTING LLC, COLLEGE CREEK MEDIA LLC, MARATHON MEDIA GROUP, LLC, 3 POINT MEDIA – SALT LAKE CITY, LLC, 3 POINT MEDIA DELTA, LLC, 3 POINT MEDIA – UTAH, LLC; 3 POINT MEDIA – FRANKLIN, LLC, 3 POINT MEDIA – PRESCOTT VALLEY, LLC, 3 POINT MEDIA – COALVILLE, LLC, 3 POINT MEDIA – ARIZONA, LLC, 3 POINT MEDIA – FLORIDA, LLC, 3 POINT MEDIA – KANSAS, LLC, 3 POINT MEDIA – OGDEN, LLC, 3 POINT MEDIA – SAN FRANCISCO, LLC, MIDVALLEY RADIO PARTNERS, LLC, SUPERIOR BROADCASTING OF NEVADA, LLC, SUPERIOR BROADCASTING OF DENVER, LLC, WACKENBURG ASSOCIATES, LLC, PORTLAND BROADCASTING LLC, DESERT SKY MEDIA LLC, SKY MEDIA LLC, and ACB CONSULTING CO.,<br><br>             Third-Party Plaintiffs,<br>  - against -<br><br>LUKE ALLEN,<br><br>             Third-Party Defendant. | |

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

## MEMORANDUM OF LAW IN SUPPORT OF COUNTER-PLAINTIFF CHRISTOPHER DEVINE'S MOTION TO SUBSTITUTE

### Preliminary Statement

Counterclaimant Christopher Devine respectfully submits this Memorandum of Law in support of his motion to substitute Grace Allen ("Grace"), in her capacity as executrix of C. Robert Allen, III's ("Robert") estate, for Robert as a counter-defendant pursuant to Rule 25 of the Federal Rules of Civil Procedure.

### Statement of Facts

Luke Allen ("Luke"), as Guardian for the Property Management of Robert, filed this action on Robert's behalf against Devine and others. (Am. Compl., attached as Ex. 1 to Scriven-Young Decl., attached hereto as Ex. A.) The Amended Complaint alleges that Robert loaned Superior Broadcasting Co. millions of dollars based upon false representations allegedly made by Devine and others. The Amended Complaint makes claims under the Racketeer Influenced and Corrupt Organizations Act (Counts I & II), common law fraud (Count III), civil conspiracy (Count IV), conversion (Count V), unjust enrichment (Count VI), and breach of fiduciary duty (Count VII).

Devine filed an Answer, Affirmative Defenses, and a Counterclaim against Robert. (Certain Defs.' Answer and Affirmative Defenses to Am. Compl. and Countercl., attached as Ex. 2 to Scriven-Young Decl.) Count I of Devine's Counterclaim makes a claim against Robert for breach of contract, in that Robert has failed to indemnify and hold Devine harmless for this action as required by a written agreement. (Countercl., ¶¶ 6-18.) Count II makes a claim against Robert for fraud under New York law and alleges that Robert made misrepresentations to Devine to induce Devine to form companies, hire employees, make

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

342564.1/06/14/11                                    2

agreements with other lenders and partners, and to purchase radio stations. (*Id.*, ¶¶ 19-40.) Count III makes a claim against Robert for civil conspiracy under New York law and alleges that Robert and Luke conspired to carry out the fraud against Devine, as alleged in Count II of the Counterclaim. (*Id.*, ¶¶ 41-45.) As his responsive pleading, Robert filed a "Reply to Counterclaims," which included twenty-eight affirmative defenses. (Reply to Countercls., attached as Ex. 3 to Scriven-Young Decl.)

On March 17, 2011, Cohen & Gresser LLP, as "Former Attorneys for [Robert] by his Former Guardian of Property Management," filed a "Suggestion of Death upon the Record." (Ex. 4 to Scriven-Young Decl.) This document notified the parties "pursuant to Fed. R. Civ. P. 25(a)(1) of the death of plaintiff C. Robert Allen, III during the pendency of this action." (*Id.*) Robert's widow, Grace, then filed a Petition for Probate and Letters Testamentary, in which Grace alleged that she was named executrix in Robert's will. (Ex. 5 to Scriven-Young Decl.) In response, the Surrogate's Court of the County of Nassau granted probate, issued Letters Testamentary to Grace, and appointed Grace as fiduciary. (Decree Granting Probate, attached as Ex. 6 to Scriven-Young Decl.)

### Argument

Devine moves to substitute Grace, in her capacity as executrix of Robert's estate, for Robert as a counter-defendant. Rule 25(a)(1) of the Federal Rules of Civil Procedure provides for substitution of parties in the event of the death of a party and provides as follows:

> *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Thus, a Rule 25 motion for substitution upon the death of a party should be granted when (1) the motion is timely; (2) the movant's claims have not been extinguished by the death; and (3) the movant proposes a proper party for substitution. *See Roe v. City of New York*, No. 00 Civ. 9062 (RWS), 2003 U.S. Dist. LEXIS 20705, *3-5 (S.D.N.Y. Nov. 19, 2003). Devine's motion to substitute Grace, in her capacity as executrix of Robert's estate, meets these requirements.

*First*, Devine's motion is timely. Rule 25(a)(1) provides for a 90-day period from the suggestion of death for a motion for substitution to be made. *Roe*, 2003 U.S. Dist. LEXIS 20705 at *3. Here, the suggestion of death was filed on March 17, 2011. (Ex. 4 to Scriven-Young Decl.) Devine's motion for substitution is being filed within 90 days of March 17, 2011, and is therefore timely.

*Second*, Devine's claims have not been extinguished by Robert's death. New York federal courts generally have looked to state law to determine whether a claim has been extinguished. *Roe*, 2003 U.S. Dist. LEXIS 20705 at *4-5 (citing *Barrett v. United States*, 689 F.2d 324, 331 (2d Cir. 1982)). Section 11-3.2(a)(1) of the New York Estates, Powers and Trusts Law provides, in relevant part, that actions for injury to person or property survive the defendant's death:

> No cause of action for injury to person or property is lost because of the death of the person liable for the injury. For any injury, an action may be brought or continued against the personal representative of the decedent, but punitive damages shall not be awarded nor penalties adjudged in any such action brought to recover damages for personal injury.

*See also Topal v. BFG Corp.*, 485 N.Y.S.2d 352, 354 (N.Y. App. Div. 1985) ("In this case, plaintiff's claims, in the nature of breach of contract and injury to property, were not extinguished by reason of defendant Greene's death, and the action could therefore be

LAW OFFICES

Peckar & Abramson
A Professional Corporation

342564.1/06/14/11                                      4

continued against the personal representative of the decedent (EPTL 11-3.1, 11-3.2 [a] [1])"); *Gerber Trade Fin. Inc. v. J.A.D.E. Fisheries, Inc.*, No. 03 Civ. 1950 (KNF), 2004 U.S. Dist. LEXIS 4963, *12 n.1 (S.D.N.Y. Mar. 24, 2004) ("The claim made against AMM by Gerber is, in essence, a breach of contract claim. A breach of contract claim is not extinguished in New York by a defendant's death"). Here, Devine's claims for breach of contract and injury to Devine's property were not extinguished by reason of Robert's death.

*Third*, Devine proposes a proper party for substitution. Under Rule 25, a "representative" of a deceased party's estate is a proper party for substitution. *Graham v. Henderson*, 224 F.R.D. 59, 64 (N.D.N.Y. 2004). The law of the forum state determines the capacity of the parties to sue and be sued, and under New York law, a "representative" is a person who has received letters to administer the estate of a decedent. *Id.* (citing N.Y. Est. Powers & Trusts § 1-2.13). In such cases, the "representative" is usually either the appointed administrator or executor of the decedent's estate. *Graham*, 224 F.R.D. at 64. Here, Grace is executrix of Robert's estate. The Surrogate's Court of the County of Nassau granted probate, issued Letters Testamentary to Grace, and appointed Grace as fiduciary. (Ex. 6 to Scriven-Young Decl.) Thus, Grace is a proper party for substitution.

For these reasons, Devine's motion should be granted, and Grace, in her capacity as executrix of Robert's estate, should be substituted for Robert as a counter-defendant in this case.

### Conclusion

For these reasons and pursuant to the authority cited herein, Counterclaimant Christopher Devine's Motion to Substitute should be granted.

Dated: June 15, 2011

                                         **PECKAR & ABRAMSON, P.C.**

Edward O. Pacer
Daniel E. Budorick
David J. Scriven-Young
PECKAR & ABRAMSON, P.C.
208 S. LaSalle Street, Suite 1356
Chicago, IL 60604
(312) 881-6300
epacer@pecklaw.com
dbudorick@pecklaw.com
dscriven-young@pecklaw.com

Thomas J. Curran
Kevin J. O'Connor
PECKAR & ABRAMSON, P.C.
41 Madison Avenue, 20th Floor
New York, NY 10010
(202) 382-0909
Fax: (202) 382-3456
tcurran@pecklaw.com
koconnor@pecklaw.com

By: _____

Doc. No. 342312

LAW OFFICES
Peckar & Abramson
A Professional Corporation