

# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

208 South LaSalle Street
Suite 1356
Chicago, IL 60604

tel. 312.881.6300
fax 312.435.2482

New York

New Jersey

Miami

Fort Lauderdale

San Francisco

Los Angeles

Orange County

Washington, D.C.

London

www.pecklaw.com

**VIA ECF**

July 15, 2011

Honorable Arlene R. Lindsay
Honorable E. Thomas Boyle
United States Magistrate Judges
Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722-4451

RE:  **Allen v. Devine, et al., No. 09 Civ. 0668 (ADS) (ETB)**
     **Excelsior v. Devine, et al., No. 10-CV-1319 (ADS) (ARL)**
     **Our File Nos.: 5122/196500 and 5122/196500.A1**

Dear Judges Lindsay and Boyle:

Peckar & Abramson, P.C. is counsel to Christopher Devine, a defendant, counterclaimant and third-party plaintiff in *Allen v. Devine, et al.* No. 09 Civ. 0668 (ADS)(ETB) ("*Allen*") and a defendant and third-party plaintiff in *Excelsior v. Devine, et al.*, No. 10-CV-1319 (ADS)(ARL) ("*Excelsior*") (together, the "Related Actions"). I write on behalf of Mr. Devine and with permission on behalf of the following parties in the *Excelsior* case: plaintiff Excelsior Capital, LLC and defendants Bruce Buzil, Greenberg Traurig LLP, and Robert Neiman. This letter provides a status report on the issues raised in our March 29 and May 31, 2011 letters concerning the death of C. Robert Allen, III ("Bob Allen"), pursuant to Judge Lindsay's Order dated June 1, 2011.

On March 17, 2011, a suggestion of death was filed on behalf of Bob Allen, plaintiff and counterclaim defendant in *Allen* and third-party defendant in *Excelsior*. On June 14th, we filed motions on behalf of Mr. Devine to substitute Grace Allen, in her capacity as executrix of Bob Allen's estate, for Bob Allen as a counterclaim defendant in the *Allen* case and as a third-party defendant in the *Excelsior* case. Mr. Devine's motion in *Excelsior* also seeks to add as a third party defendant in his individual capacity Luke Allen, who previously was a third-party defendant in that action in his capacity as guardian of Bob Allen. On June 15th, Reed Whittemore, a probate attorney, filed motions to substitute Bob Allen's estate for Bob Allen as the plaintiff in the *Allen* case and as a third-party defendant in the *Excelsior* case. All of these motions are presently pending, and no attorney has filed a notice of appearance in either of the Related Actions for Grace Allen or Bob Allen's estate. No party has opposed the motions to substitute.



a member of the
ICLA International Construction Law Alliance

# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

Page 2

Since our last status report, the defendants in the *Excelsior* case have completed their document productions. Plaintiff in *Excelsior* has not completed its production. Plaintiff's failure to complete its production risks prejudicing Defendants because it will interfere with their ability to prepare adequately for and conduct depositions, and otherwise defend the action. Defendants have requested that Plaintiff provide us with a date certain by which it will have produced all hard copy and electronic documents in its possession, custody and control that are responsive to outstanding document requests.[1]

Bob Allen had not completed his document production in the Related Actions before his death and, to our understanding, production of Bob Allen's documents will not resume in either action unless and until the substitution motions are granted.

Respectfully submitted,

*[signature]*

David J. Scriven-Young

Doc I. D. No. 344099.3

cc:   All counsel of record by ECF

---

[1] Excelsior has advised us that it intends to complete its document and ESI production on or before July 18, 2011, except for 799 electronic documents that Excelsior's current counsel in the *Excelsior* action, Judd Burstein, P.C. ("JBPC"), received from K&L Gates LLP, counsel for Excelsior in a related state court action. Excelsior has advised us that it intends to produce the non-privileged portions of those 799 electronic documents by July 29, 2011. Defendants in the *Excelsior* action have requested ESI discovery from Edward W. Hayes, Esq., former counsel for Excelsior in a related state court action and the parties are scheduled to meet and confer regarding the production of Mr. Hayes' ESI.