

# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

208 South LaSalle Street
Suite 1356
Chicago, IL 60604

tel. 312.881.6300
fax 312.435.2482

**David J. Scriven-Young**
Direct: (312) 239-9722
Facsimile: (312) 435-2482
dscriven-young@pecklaw.com

October 25, 2011

New York
New Jersey
Miami
Fort Lauderdale
San Francisco
Los Angeles
Orange County
Washington, D.C.
London

www.pecklaw.com

**VIA ECF AND U. S. MAIL**

Honorable Arthur D. Spatt
United States District Judge
100 Federal Plaza
Room 1024
P. O. Box 9014
Central Islip, NY  11722-9014

Re:   <u>C. Robert Allen, III, by Luke Allen v. Christopher Devine, et al.</u>
United States District Court for the Eastern District of New York
Civil Action No.:  09 Civ. 0668
Our File No.:      196500

Dear Judge Spatt:

Peckar & Abramson, P.C. is counsel for Christopher Devine, who is a defendant, counter-claimant, and third-party plaintiff in the above-captioned case. I am writing to respectfully request that the Court grant the unopposed substitution motions that were filed on June 14 and 15, 2011 on behalf of Mr. Devine and also on behalf of the Estate of C. Robert Allen, III.

### Discovery

On February 24, 2011, Magistrate Judge E. Thomas Boyle entered a scheduling order, under which all fact discovery would be concluded by August 1, 2011; all expert discovery would be concluded by November 1, 2011; first steps in the dispositive motion process would be taken by January 20, 2012; and a final conference would take place on February 7, 2012. As of February 24th, the parties had substantially completed written discovery, although certain disputes remained concerning Plaintiff C. Robert Allen, III's ("Bob Allen") document production, as well as the document production of Bob Allen's former counsel, Arnold & Porter LLP. The parties had not taken any depositions, and they had not conducted any expert discovery. Bob Allen died on March 9, 2011.



a member of the International Construction Law Alliance

**Peckar & Abramson**
A Professional Corporation • Attorneys & Counselors at Law

Page 2

### Substitution Motions

On March 17, 2011, a suggestion of death was filed on Bob Allen's behalf in this case and in a related case, *Excelsior Capital v. Devine*, No. 10-CV-1319(ADS)(ARL). On June 14, 2011, we filed motions on behalf of Mr. Devine to substitute Grace Allen, in her capacity as executrix of Bob Allen's estate, for Bob Allen as a counterclaim defendant in this case and as a third-party defendant in the *Excelsior* case. On June 15, 2011, Reed Whittemore, a probate attorney, filed motions to substitute Bob Allen's estate for Bob Allen as the plaintiff in this case and as a third-party defendant in the *Excelsior* case. All of these motions are unopposed and remain pending; however, no attorney has filed a notice of appearance in either this case or the *Excelsior* case for Grace Allen as executrix or otherwise on behalf of the Bob Allen estate.

### Impact of Unresolved Substitution Motions

The unopposed motions to substitute have now been pending for over four months. Mr. Devine and the other defendant entities have been severely impacted by this posture in two ways. First, the fact discovery deadline in this case has passed, and the expert discovery deadline is fast approaching. However, the defendants have been unable to complete fact discovery or engage in expert discovery because a proper plaintiff has not been substituted into this case. Second, fact depositions are set to begin next month in the *Excelsior* case. To the extent that the Excelsior plaintiff wishes to take Mr. Devine's deposition prior to the Court's resolution of the substitution motions, there is a risk that Mr. Devine would have to sit for a deposition twice – once in the *Excelsior* case, and once in the *Allen* case after the substitution motions are granted. Obviously, if the Court were to grant the substitution motions by the end of this month, the depositions in both cases could be consolidated, such that Mr. Devine (and the other party and non-party fact witnesses) would only have to sit for a deposition once.

### Conclusion

For these reasons, we respectfully request that this Court (1) grant the unopposed motions to substitute by the end of this month and (2) set new fact and expert discovery deadlines. If the Court cannot grant the substitution motions by the end of the month, we request that the Court provide the parties with a timetable or schedule that would allow the parties to understand when the motions might be ruled upon and when new fact and expert discovery deadlines will be provided. In the alternative, the defendants respectfully request that this Court dismiss this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

Page 3

Respectfully submitted,

PECKAR & ABRAMSON, P.C.

By: David J. Scriven-Young

/lmb

**CC VIA ECF AND U. S. MAIL:**

Honorable E. Thomas Boyle
United States Magistrate Judge
Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722-4451

Ms. Alexandra Wald
Cohen & Gresser LLP
800 Third Avenue
New York, NY 10022

Doc I. D. No. 349223