```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
C. ROBERT ALLEN, III by LUKE ALLEN, as Guardian for
the Property Management of C. Robert Allen, III,

                              Plaintiff,        MEMORANDUM
                                                OPINION AND ORDER

            -against-                           CV 09-0668 (ETB)

CHRISTOPHER DEVINE, et al.,

                              Defendants.
----------------------------------------------------------------------X
CHRISTOPHER DEVINE, et al.,

                              Third-Party Plaintiffs,

            -against-

LUKE ALLEN,

                              Third-Party Defendant.
----------------------------------------------------------------------X
```

Before the Court is the third-party defendant's motion to dismiss the Third-Party Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(6), 14 and 18. For the following reasons, the motion to dismiss is granted and the Third-Party Complaint is dismissed in its entirety.

## F<small>ACTS</small>

This action arises out of an alleged scheme by defendants/third-party plaintiffs, Christopher Devine ("Devine"), Bruce Buzil ("Buzil"), and a network of corporate entities under

their control, to misappropriate funds from the plaintiff, C. Robert Allen ("Allen"), now deceased, through a pattern of fraud and deceit. (Am. Compl. ¶ 1.) According to the Amended Complaint, starting in about 2000, Devine and Buzil induced Allen to make a series of loans to Superior Broadcasting Co. ("Superior"), a company defendants held out as owning multiple radio stations and seeking to acquire more. (Am. Compl. ¶¶ 4-5.) Allegedly, Superior was nothing more than a shell company, through which Devine and Buzil filtered Allen's money to other entities controlled by them and in which Allen held no interest. (Am. Compl. ¶¶ 6-7.)

In February 2007, as a result of Allen's deteriorating mental status, Allen's wife commenced a guardianship proceeding with respect to Allen's property. (Am. Compl. ¶ 66.) In March 2008, Allen's son, Luke Allen ("Luke"), was appointed as Guardian for Allen's property management. (Am. Compl. ¶ 67.) In his capacity as Guardian, Luke commenced the within action, alleging RICO violations, fraud, civil conspiracy, conversion, unjust enrichment, and breach of fiduciary duty.

On December 20, 2010, the defendants filed the within Third-Party Complaint, naming Luke as the sole defendant. The Third-Party Complaint acknowledges that Allen made a series of loans to Superior, which were not recorded in any documentation. (Third-Party Compl. ¶¶ 6-7.) In 2006, however, Allen and Devine allegedly recorded their agreements in writing; first, with an indemnification contract, dated January 9, 2006, and second, with a set of "Non Recourse Notes and Participation Agreements" (the "Non Recourse Notes"). (Third-Party Compl. ¶¶ 8-9.) Pursuant to the Non Recourse Notes, Devine was obligated to pay Superior $67,493,644 when Devine sold all or any part of his interests in entities that own radio stations. (Third-Party Compl. ¶ 10.) According to defendants/third-party plaintiffs, the Non Recourse Notes were

intended to serve as the documentation for all prior loans that Allen made to Superior. (Third-Party Compl. ¶ 11.)

Throughout the course of their business relationship, Devine used his best efforts to ensure that the entities that owned radio stations were successful, such that Superior would recoup the money Allen had initially invested. (Third-Party Compl. ¶ 12.) However, according to defendants/third-party plaintiffs, Luke interfered with Devine's business plan by participating in the guardianship proceeding with respect to Allen and by ultimately being appointed Allen's Guardian. (Third-Party Compl. ¶¶ 13-14.) Defendants/third-party plaintiffs allege that, as Allen's Guardian, Luke obtained an injunction to prevent the defendants from selling radio stations and "scuttled potential sales of radio stations." (Third-Party Compl. ¶¶ 15-16.) In addition, on September 19, 2007, Luke removed Devine from the management of Superior. (Third-Party Compl. ¶ 17.) According to defendants/third-party plaintiffs, Luke's actions resulted in Devine not being able to sell his interests in radio stations, which led to Devine's inability to make payments to Superior under the Non Recourse Notes, thereby resulting in Allen being unable to recover the money he invested in Superior. (Third-Party Compl. ¶ 18.) The defendants/third-party plaintiffs therefore allege that Luke "is to blame for [Allen's] inability to recoup his investment." (Third-Party Compl. ¶ 13.)

Based on the foregoing allegations, the defendants/third-party plaintiffs assert claims against Luke for contribution, tortious interference with business expectancy and civil conspiracy. Luke moves to dismiss the Third-Party Complaint on the grounds that: (1) it is not a valid impleader, as set forth in Federal Rule of Civil Procedure 14; (2) the contribution claim fails as a matter of law; (3) dismissal of the contribution claim compels dismissal of the

remaining two causes of action, pursuant to Federal Rule of Civil Procedure 18; and (4) the tortious interference with business expectancy and civil conspiracy claims fail to state a claim upon which relief can be granted.

DISCUSSION

I.      Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). As a general rule, the court is required to accept as true all of the allegations contained in the complaint. See Iqbal, 129 S. Ct. at 1949; Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1949-50 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal, 129 S. Ct. at 1950. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 555 U.S. at 557). Although Rule 8 of the Federal Rules of Civil Procedure "marks a

notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 129 S. Ct. at 1950.  Rather, only a complaint that "states a plausible claim for relief" will survive a motion to dismiss.  Id.

II.     Rule 14 Impleader

Pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, "a defending party may implead another 'who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.'"  Bank of India v. Trendi Sportswear, Inc., 239 F.3d 418, 437 (2d Cir. 2000) (quoting Fed. R. Civ. P. 14(a)).  "Although Rule 14(a)'s purpose is to promote judicial economy, . . . the right to implead third parties is not automatic, and the decision whether to permit impleader rests within the sound discretion of the district court." Doucette v. Vibe Records, Inc., 233 F.R.D. 117, 120 (E.D.N.Y. 2005) (quoting Consolidated Rail Corp. v. Metz, 115 F.R.D. 216, 218 (S.D.N.Y. 1987)).  To sustain an impleader action, "the third-party must necessarily be liable over to the defendant for all or part of the plaintiff's recovery," or "the defendant must attempt to pass on to the third party all or part of the liability asserted against the defendant."  Doucette, 233 F.R.D. at 120 (quoting United States v. Joe Grasso & Son, Inc., 380 F.2d 749, 751-52 (5th Cir. 1967)); see also Bank of India, 239 F.3d at 438 (same).  Accordingly, "the impleader action[] must be dependent on, or derivative of, the main claim."  Doucette, 233 F.R.D. at 120 (citing Bank of India, 239 F.3d at 438).

"A third-party complaint 'is a narrow device' and cannot be used to bring in other matters that may have some relationship to the case."  Doucette, 233 F.R.D. at 120 (citation omitted).  "A

third-party claim is not permissible simply because it arises out of the same nucleus of facts as the main claim." Prudential Ins. Co. v. BMC Indus., Inc., 113 F.R.D. 100, 102 (S.D.N.Y. 1986). In addition, "the liability of the third-party defendant 'must not arise out of a separate and independent claim.'" Int'l Paving Sys., Inc. v. Van-Tulco, Inc., 866 F. Supp. 682, 687 (E.D.N.Y. 1994) (citation omitted). Rather, Rule 14(a) "is limited to claims in which the third-party plaintiff 'can show that if he is found liable to the plaintiff then the third-party defendant will be liable to him.'" Doucette, 233 F.R.D. at 121 (quoting Tyson v. Cayton, No. 88 Civ. 8398, 1990 WL 209381, at *3 (S.D.N.Y. Dec. 10, 1990)).

In the within action, the Amended Complaint alleges that the defendants defrauded Allen to invest large sums of money in Superior and then misappropriated those funds for their own use, resulting in a loss to Allen on his investment. The Third-Party Complaint does not acknowledge any liability to Allen. (Third-Party Compl. ¶ 4 ("In bringing the Third-Party Complaint, Third-Party Plaintiffs do not admit any of the allegations asserted against them in the Amended Complaint.")) Rather, the defendants/third-party plaintiffs unconditionally deny any liability whatsoever and instead assert that by interfering with Devine's "business plan" to sell his membership interests in entities that own radio stations, Luke "is to blame for [Allen's] inability to recoup his investment." (Id. ¶¶ 13-19.) As Luke points out in his Reply Memorandum of Law, "both Complaints cannot be true." (Luke Allen's Reply Mem. of Law 2.) Although alleging a claim for contribution, the Third-Party Complaint denies all liability to Allen and attempts to place all of the blame on Luke, which is simply incongruous with a contribution claim.

Moreover, the relief requested in the Third-Party Complaint - actual damages and

punitive damages - makes it clear that defendants "are not attempting to pass on all or part of the liability asserted by the [p]laintiff, but seek affirmative . . . relief above and beyond the relief sought by the [p]laintiff." Doucette, 233 F.R.D. at 120.  Finally, aside from the contribution claim, the Third-Party Complaint also asserts claims for civil conspiracy and tortious interference with business expectancy, both of which are independent causes of action that, if proven, would not be derivative of or dependent upon the liability asserted in the Amended Complaint.  For a claim to be a valid impleader under Rule 14, "there must be a more than tenuous relationship between the main and third-party claims . . . and the mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough."  Int'l Paving Sys., 866 F. Supp. at 686-87 (citations omitted).

For the foregoing reasons, the Court finds that the Third-Party Complaint is not a valid impleader under Rule 14 and is, accordingly, dismissed.

III.     The Contribution Claim Also Fails on the Merits

"Under New York law, a claim for contribution requires that both the third-party plaintiff and the co- or third-party defendant share responsibility for an injury in violation of duties that both owed to the injured party."  Steinberg v. Sherman, No. 07 Civ. 1001, 208 WL 2156726, at *6 (S.D.N.Y. May 8, 2008) (citing N.Y. C.P.L.R. § 1401) (additional citation omitted); see also Smith v. Sapienza, 52 N.Y.2d 82, 87 (1981) ("A claim for contribution exists only when two or more tort-feasors share in responsibility for an injury, in violation of duties they respectively owed to the injured person.").  "A claim for contribution cannot stand unless the third-party plaintiff and the third-party defendant are both subject to liability to the injured party."  Benjamin

v. Kim, No. 95 Civ. 9597, 1996 WL 728373, at *2 (S.D.N.Y. Dec. 18, 1996) (citing cases).

Contribution liability "may flow from either of two sources: breach of duty to the plaintiff [the injured party] or to the party seeking contribution." Perkins Eastman Architects, P.C. v. Thor Eng'rs, P.A., 769 F. Supp. 2d 322, 327 (S.D.N.Y. 2011) (citing Westport Marina, Inc. v. Boulay, No. 06 Civ. 5569, 2010 WL 1223238, at *10 (E.D.N.Y. Mar. 24, 2010)) (alteration in original) (emphasis omitted). However, the "critical requirement" for a successful contribution claim is that "the contributing party must have had a part in causing or augmenting the injury for which contribution is sought." Perkins Eastman, 769 F. Supp. 2d at 327 (quoting Fashion Shop LLC v. Virtual Sales Group Corp., 525 F. Supp. 2d 436, 446 (S.D.N.Y. 2007)); Raquet v. Zane, 90 N.Y.2d 177, 183 (1997) (same).

Here, the two complaints allege two separate injuries. While the Amended Complaint alleges misappropriation of Allen's money by defendants, the Third-Party Complaint alleges that Luke prevented Devine from selling certain entities that would have resulted in Devine being able to return Allen's investment. Such injuries are completely separate and distinct and, therefore, fail to satisfy the requirement for a contribution claim that the contributor worsen or augment the same injury for which the defendant is being sued. Moreover, nothing in the Third-Party Complaint explains how Luke's actions as Guardian for Allen's property worsened Allen's alleged injuries. The injury to Allen occurred when the money he invested in Superior was allegedly wrongfully misappropriated by defendants. None of the actions alleged by Luke in the Third-Party Complaint could have worsened Allen's injuries since the money was already gone. Rather, the Third-Party Complaint simply alleges how Luke's actions injured defendants, not Allen.

Nor does the Third-Party Complaint allege any acts by Luke that would subject him to liability to Allen. The only liability alleged in the Third-Party Complaint has to do with Luke's actions towards the defendants. As stated supra, a contribution claim requires that both the defendant/third-party plaintiff and the third-party defendant be subject to liability to the plaintiff. See Benjamin, 1996 WL 728373, at *2. There are no facts alleged in the Third-Party Complaint that would give rise to a finding that Luke was in some way liable for Allen's injuries.

Based on the foregoing, the Court finds that the contribution claim, as alleged in the Third-Party Complaint, fails to state a claim upon which relief can be granted. Accordingly, the claim is dismissed.

IV.     The Remaining Claims

Rule 18 of the Federal Rules of Civil Procedure permits a third-party plaintiff to "join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a); see also Prudential Ins. Co., 113 F.R.D. at 103 ("Because BMC's claims for contribution and indemnity constitute valid third-party claims under Rule 14, the remaining claims can be joined under Rule 18(a) as additional claims."). However, where those claims that are alleged to support a Rule 14 impleader are dismissed, "the third-party plaintiff[s'] independent claims, joined pursuant to Rule 18(a), must be dismissed as well." Friedman v. Hartmann, 787 F. Supp. 411, 422 (S.D.N.Y. 1992); see also In re Citisource, Inc. Sec. Litig., 694 F. Supp. 1069, 1084 (S.D.N.Y. 1988) (dismissing supplemental claim where impleader claims were dismissed).

Accordingly, defendants'/third-party plaintiffs' claims for tortious interference with

business expectancy and civil conspiracy are dismissed.[1]

## CONCLUSION

For the foregoing reasons, third-party defendant, Luke Allen's, motion to dismiss the Third-Party Complaint is granted and the Third-Party Complaint is dismissed in its entirety.

**SO ORDERED:**

Dated: Central Islip, New York
       March 12, 2012

                                         /s/ E. Thomas Boyle
                                         E. THOMAS BOYLE
                                         United States Magistrate Judge

---

[1] Because the Court dismisses the tortious interference with business expectancy and civil conspiracy claims under Rule 18, there is no need to examine the merits of those causes of action under Rule 12(b)(6).